IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCIS J. BRAZAS, JR.,

    Plaintiff,

      vs.                                                                            No. CIV 97-1137 JC/RLP

BOARD OF COUNTY COMMISSIONERS,
FOR THE COUNTY OF BERNALILLO, ex rel.
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PARTIAL SUMMARY JUDGMENT AND**
**REMANDING PLAINTIFF'S BREACH OF CONTRACT CLAIM**

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment filed April 27, 1998 (Doc. No. 30). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken in part and will be granted in part. Summary judgment will be granted for Counts I and II, and the remaining state claim for breach of contract will be remanded to state district court.

**I.**     **Factual Background**

Plaintiff Francis J. Brazas, Jr., worked as a deputy with the Bernalillo County Sheriff's Department ("the Sheriff's Department") from late 1986 until March 1996. When Plaintiff was hired by the Sheriff's Department he had a degenerative knee condition in both knees. At that time, Plaintiff was able to complete the required physical fitness exams with the assistance of knee braces.

In October 1992, Plaintiff was diagnosed with post traumatic stress disorder ("PTSD"). On August 18, 1994, Plaintiff voluntarily removed himself from his duties with the Sheriff's Department. In January 1995, Plaintiff entered a three-month Veteran's Administration treatment program for his PTSD. Plaintiff was subsequently placed on special duty with the Sheriff's Department and was scheduled to be evaluated in November 1995 for recovery from the PTSD. Plaintiff was medically cleared to return to work in November 1995.

While Plaintiff was on special duty for his PTSD, he underwent surgery to have his right knee replaced. In November or December 1995, Plaintiff's knee condition became an issue with the Sheriff's Department. In December, Plaintiff was directed to obtain a "fitness for duty" release from the Rehabilitation Occupational Medicine Center. On December 19, 1995, Plaintiff was seen by Dr. Delahoussaye. Dr. Delahoussaye determined that due to Plaintiff's knee condition, Plaintiff could not meet the Deputy First Class requirements.

**II.    Analysis**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When faced with a summary judgment motion, the Court must review the factual record in a light most favorable to the nonmoving party. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Summary judgment will only be granted "if there is not sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

**Count I:  Disability Discrimination**

To qualify for relief under the ADA, Plaintiff must first establish a prima facie case of discrimination by showing:

> (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essentials functions of the job; and (3) that the employer terminated him because of his disability.

White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir.1995).  Defendant argues Plaintiff cannot satisfy the second element of a prima facie claim because his knee condition kept him from being able to perform the necessary functions of a sheriff's deputy.  Defendant contends Plaintiff was not qualified to be a Deputy First Class and he never sought an accommodation for his knee injury.

To determine whether an individual is "qualified" under the ADA, courts first determine "whether the individual could perform the essential functions of the job, i.e. functions for a particular job."  Id. (quoting Chandler v. City of Dallas, 2 F.3d 1385, 1393 (5th Cir. 1993)).  If the individual cannot perform the essential functions, courts then consider if there was "any reasonable accommodation by the employer" that would have enabled the individual to perform the job.  Id.

In this case, Defendant has presented evidence that Plaintiff was not qualified to perform the physical requirements of a Deputy First Class.  Defendant has submitted a letter from Dr. Brian P. Delahoussaye indicating that from December 1995, Plaintiff was restricted from running, jumping, wrestling, fence climbing and ladder climbing.  See Def.'s Mem. Supp. M. Summ. J. Ex. C. Defendant has also shown that in 1996, Plaintiff's own doctor was telling Plaintiff that he could not resume any duties that would require running.  See Def.'s Reply Exs. B & E; compare Cochrum v.

Old Ben Coal Co., 102 F.3d 908, 912 (7th Cir. 1996) (plaintiff's personal doctor restricting plaintiff's activities).

Obviously, one of the essential functions of a sheriff's deputy is to apprehend and arrest criminals. See Davoll v. Webb, 943 F. Supp. 1289, 1300 (D. Colo. 1996). Plaintiff does not contest this fact. See Def.'s Reply Ex. E (Plaintiff's deposition). To make apprehensions and arrests deputies must possess a high degree of physical fitness and strength; they must be able to run. See Def.'s Mem. Supp. M. Summ. J. Ex. J (Bernalillo County Position Description for Deputy First Class); Def.'s Reply Ex. E (Plaintiff's deposition).

Plaintiff has offered no evidence indicating that in 1995/96 he was qualified to perform the physical requirements of Deputy First Class. Plaintiff's affidavit does not contain any indication that he could perform the necessary physical tests that are required to apprehended or arrest criminals. The only statement Plaintiff offers toward his qualification is in his response brief where he makes the conclusory statement that "he is capable of performing the essential functions of the job." Pl.'s Resp. at 20. The remainder of Plaintiff's evidence does not go to establishing his qualification.

The fact that Plaintiff was hired with a degenerative knee condition or that he was not evaluated after previous knee surgeries does not create a genuine issue as to whether he was qualified after his knee replacement. Cf. Karbusicky v. City of Park Ridge, 950 F. Supp. 878, 879 (N.D. Ill. 1997). (Neither does the fact that other deputies may have had orthopedic problems preventing them from passing the physical fitness tests.) Basically, Plaintiff has not countered Defendant's evidence that he was not qualified for the position of Deputy First Class.

In addition to showing that Plaintiff was not a "qualified individual with a disability," Defendant has shown that an accommodation or modification would not have allowed Plaintiff to

return to his duties as a Deputy First Class.  See Def.'s Mem. Supp. M. Summ. J. Ex. B.  The Sheriff's Department ultimately encouraged Plaintiff to seek a transfer to another position within Bernalillo County as an accommodation.  Id.  Plaintiff, however, did not seek a transfer, and has provided no evidence indicating that his knee injury could have been accommodated.  Basically, there is no genuine issue of material fact as to Plaintiff's ADA claim.

### Count II:  Retaliation

I also find that Defendant is entitled to summary judgment on Plaintiff's retaliation claim. Plaintiff has failed to establish a "causal connection between the employee's action and the employer's adverse action."  Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997).  Plaintiff relies on speculation about his PTSD and the proximity of his discharge to his February 5, 1996 EEOC complaint for the causal connection.  I find Plaintiff's speculation and timing to be insufficient to establish the requisite causal connection.

Additionally, even if Plaintiff were to have established a prima facie case of retaliation, the claim would still fail because Plaintiff has not shown that the Sheriff Department's legitimate non-discriminatory reason for discharge (Plaintiff's inability to meet the physical requirements) was pretext.  Plaintiff has proffered nothing but speculation of retaliation and has not shown that he was physically qualified to be a Deputy First Class.

### Count III:  Breach of Contract

Since all claims of original jurisdiction are being eliminated from this case, I will decline to exercise supplemental jurisdiction over Plaintiff's remaining breach of contract claim.  See 28 U.S.C. § 1367(c)(3).  The claim will be remanded to the state district court.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment, filed April 27, 1998 (Doc. No. 30), is **granted in part**. Summary Judgment is granted for Defendant as to Plaintiff's ADA discrimination (Count I) and retaliation (Count II) claims. Plaintiff's sole remaining claim for breach of contract (Count III) is hereby remanded to the Second Judicial District of the State of New Mexico, County of Bernalillo.

DATED this 18th day of August, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff Pro Se:     Francis J. Brazas, Jr.
                      Albuquerque, New Mexico

For Defendant:        Henry F. Narvaez
                      Narvaez, Slease & Schamban, P.A.
                      Albuquerque, New Mexico